UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | | |
|---|---|---|
| TIMOTHY MACKALL, | ) | |
| Plaintiff, | ) | |
| v. | ) | No. 2:25-cv-00096-JPH-MG |
| JUSTIN P. FORKNER, et al., | ) | |
| Defendants. | ) | |

**ORDER DENYING MOTION TO PROCEED ON APPEAL *IN FORMA PAUPERIS***

Plaintiff Timothy Mackall brought this civil action asserting violations of his civil rights by the Chief Administrative Officer of the Indiana Office of Judicial Administration and five private citizens. The Court dismissed Mr. Mackall's complaint as malicious because Mr. Mackall had brought two previous civil lawsuits in this Court concerning the same legal issues. The Court ordered Mr. Mackall to show cause why the case should not be dismissed as malicious, and, after reviewing his response, the Court ordered it dismissed on that basis.

Mr. Mackall has filed a notice of appeal and seeks to proceed *in forma pauperis*. For the following reasons, his request is **denied**.

## I. Background

Mr. Mackall is an incarcerated individual serving a 15-year sentence for stalking under Indiana case number 49D20-2205-F5-13411. *Mackall v. State*, No. 24A-CR-2036, 2025 WL 2716745 (Ind. Ct. App. Sept. 24, 2025). Mr. Mackall's stalking charges were in part related to the violation of a protection order, which Mr. Mackall had challenged the validity of in a separate state court

proceeding. *Id.* at *1 (citing *Mackall v. Stuart*, No. 22A-PO-981, 2022 WL 4476302, (Ind. Ct. App. Sept. 27, 2022) (unpublished)).

Mr. Mackall then filed three lawsuits under 42 U.S.C. § 1983, all of which relate to the protection order and his stalking conviction. In the first case, *Mackall v. Forkner*, 1:23-cv-002249-SEB-TAB ("*Mackall I*"), Mr. Mackall challenged the constitutionality of Indiana's Civil Protection Order Act, Ind. Code § 34-26-5-1, et seq. *See Mackall I*, 1:23-cv-002249-SEB-TAB, dkt. 1 (S.D. Ind. Dec. 14, 2023). The Court reviewed Mr. Mackall's complaint, found it violated Rule 8(a) of the Federal Rules of Civil Procedure, and directed Mr. Mackall to file an amended complaint that complied with Rule 8(a). *Id.*, dkt. 19 at 2 (S.D. Ind. May 20, 2024). When Mr. Mackall failed to do so, the action was dismissed on December 12, 2024. *Id.*, dkt. 31 at 3-4 (S.D. Ind. Dec. 12, 2024). Mr. Mackall did not appeal the dismissal of *Mackall I.*

Mr. Mackall filed his second lawsuit on June 6, 2024. *Mackall v. Bell, et al.*, 2:24-cv-00296-MPB-MG, dkt. 1 (S.D. Ind. June 6, 2024) ("*Mackall II*"). The Court screened and dismissed the complaint on the basis that Mr. Mackall's claims were barred by the statute of limitations and *Heck v. Humphrey*, 512 U.S. 477 (1994), because any judgment consistent with his allegations about the protective order and criminal charges would necessarily imply the invalidity of his convictions. *Id.*, dkt. 16 (S.D. Ind. Sept. 17, 2024) (screening order dismissing complaint and ordering Mr. Mackall to show cause), dkt. 22 (S.D. Ind. Nov. 12, 2024) (order dismissing action and directing entry of final judgment).

Mr. Mackall appealed the dismissal of *Mackall II*. On February 25, 2026, the Seventh Circuit Court of Appeals affirmed the dismissal. *Mackall v. Bell*, No. 25-1289, 2026 WL 517837, *2 (7th Cir. Feb. 25, 2026). The Seventh Circuit stated,

> Mackall also urges that *Heck* does not apply because he seeks to invalidate Indiana's protective-order statute (and the relevant civil proceedings) rather than directly challenge the state-court criminal judgment. But ruling the statute unconstitutional would invalidate the protective order, which would necessarily imply the invalidity of his convictions for violating it. *See Heck*, 512 U.S. 486–87. We will not endorse such an end run around the requirements of *Heck.*

*Id.* at *2. Mr. Mackall filed a petition for rehearing *en banc* which was denied. *Mackall v. Bell*, No. 25-1289, 2026 WL 1090713, *1 (7th Cir. Apr. 21, 2026). Mr. Mackall has filed a petition for writ of certiorari, and it remains pending. *See Mackall v. Bell*, Cause No. 26A81 (docketed July 16, 2026).

Mr. Mackall filed this action on February 20, 2025. Dkt. 1 ("*Mackall III*"). On August 1, 2025, the Court dismissed the complaint as malicious. Dkt. 25 at 7-8 (explaining that "[a] case can be dismissed as malicious when it is clear that the plaintiff 'intended to harass' the defendants, or the Court, by filing the complaint.") (citing *Njie v. Yurkovich*, 720 F. App'x 786, 789 (7th Cir. Jan. 5, 2018) (citing *Lindell v. McCallum*, 352 F.3d 1107, 1109 (7th Cir. 2003) and *Lee v. Clinton*, 209 F.3d 1025, 1026 (7th Cir. 2000)). The Court found that this lawsuit was "duplicative to the prior lawsuits and legally meritless" given the conclusion in *Mackall II* that his claims were *Heck*-barred and untimely. The Court provided Mr. Mackall an opportunity to show cause and then dismissed the case as malicious on June 23, 2026. Dkts. 32 at 2 (dismissing as malicious

but noting Seventh Circuit's affirmance of the dismissal of *Mackall II*), dkt. 33 (final judgment).

Mr. Mackall filed a timely notice of appeal and seeks to proceed on appeal *in forma pauperis*.

## II. Discussion

"An appeal may not be taken *in forma pauperis* if the trial court certifies that the appeal is not taken in good faith." 28 U.S.C. § 1915(a)(3). "Good faith" within the meaning of § 1915 is judged by an objective, not a subjective, standard. *See Thomas v. Zatecky*, 712 F.3d 1004, 1006 (7th Cir. 2013) (stating that bad faith is a phrase that is understood to mean objective frivolousness).

Mr. Mackall's docketing statement indicates that he is seeking to appeal the dismissal of this case under *Heck v. Humphrey* because it was decided before the United States Supreme Court issued *Olivier v. City of Brandon*, 607 U.S. 552 (2026). Dkt. 40. In *Olivier*, the Supreme Court held that *Heck* does not prohibit the use of § 1983 to seek a "purely prospective remedy." *Id.* at 556. There, a street preacher who had been convicted of violating an ordinance that prohibited expressive activity near an amphitheater sought to challenge the ordinance under the First Amendment. *Id.* at 557. The Court concluded that "[g]iven that Olivier asked for only a forward-looking remedy—an injunction stopping officials from enforcing the city ordinance in the future—his suit can proceed, notwithstanding his prior conviction." *Id.* at 559.

Here, Mr. Mackall argues that his challenges to Indiana protective-order statute and related proceedings are not *Heck*-barred because he is not seeking

to overturn his conviction but rather to enjoin future enforcement of the statute. The applicability of *Olivier* is not properly before this Court. While the Court referenced the previous dismissal of *Mackall II* under *Heck*, this action (*Mackall III*) was dismissed because it was malicious. Mr. Mackall named the victim of his crime as a defendant in *Mackall II*, and again in this lawsuit, raising the same types of claims (and creating a logical inference that Mr. Mackall is continuing to harass his victim through endless litigation). The Court can consider the filing of duplicative causes of actions when assessing "whether the action is an attempt to vex, injure or harass the defendant." *Kennedy v. Getz*, 757 F. App'x 205, 207 (3rd Cir. 2018) (cleaned up). Further, filing duplicative lawsuits unnecessarily consumes Court resources. *United States ex rel. Verdone v. Circuit Court for Taylor County*, 73 F.3d 669, 671 (7th Cir. 1995) ("Frivolous, vexatious, and repeated filings by pro se litigants interfere with the orderly administration of justice by diverting scarce judicial resources from cases having merit and filed by litigants willing to follow court orders."). Thus, while the Court agreed with the *Mackall II* Court's conclusion that his claims were barred by *Heck*, it was not the basis for the dismissal in this case. Mr. Mackall is seeking review in the Supreme Court of *Mackall II*, and that is the appropriate forum to raise his challenge to the *Heck* dismissal. Mr. Mackall says nothing in his docketing statement or any other appeal-related filings about the dismissal of this action as malicious.

Further, *Olivier* was issued on March 20, 2026, three months *before* the dismissal of this action. Mr. Mackall did not file anything related to *Olivier* while

this action was pending. "Arguments raised for the first time on appeal are deemed waived." *Mahran v. Advocate Christ Medical Center*, 12 F.4th 708, 713 (7th Cir. 2021).

For these reasons, Mr. Mackall "is acting in bad faith . . . [because] to sue in bad faith means merely to sue on the basis of a frivolous claim, which is to say a claim that no reasonable person could suppose to have any merit." *Lee v. Clinton,* 209 F.3d 1025, 1026 (7th Cir. 2000); *see also Upchurch v. O'Brien*, 111 F.4th 805, 813 (7th Cir. 2024) ("An appeal is frivolous when the result is obvious or when the appellant's argument is wholly without merit."). Accordingly, his appeal is not taken in good faith, and for this reason his request for leave to proceed on appeal *in forma pauperis*, dkt. [34], is **denied**. Mr. Mackall's motion for ruling on his request to proceed *in forma pauperis*, dkt. [42], is **granted** consistent with this Order.

**SO ORDERED.**

Date: 10/1/2026

James Patrick Hanlon

James Patrick Hanlon
United States District Judge
Southern District of Indiana

Distribution:

TIMOTHY MACKALL
300441
PUTNAMVILLE - CF
PUTNAMVILLE CORRECTIONAL FACILITY
Electronic Service Participant – Court Only

All Electronically Registered Counsel